CARY MARINE, INC., Plaintiff,

v.

The MOTOR VESSEL PAPILLON, and Great Lakes Cary Corp., and Donald B. McCann, Defendants,

v.

Randy POSTMA, Third Party Defendant.

No. C87–2905.

United States District Court, N.D. Ohio, E.D.

May 24, 1988.

LeRoy Kramer, III, Ray, Robinson, Hanninen & Carle, Chicago, Ill., William D. Carle, III, Ray, Robinson, Hanninen & Carle, Cleveland, Ohio, for plaintiff.

Donald B. McCann, Kelley, McCann & Livingstone, Cleveland, Ohio, for defendants.

## ORDER

BATTISTI, Chief Judge.

The plaintiff seeks an order for the arrest of the motor vessel Papillon under either Rule C or Rule D of the Federal Rules of Civil Procedure Supplemental Admiralty Rules. As is detailed below, because the plaintiff does not have legal title a Rule D arrest is not appropriate, because there was no breach of a maritime contract a Rule C arrest is not appropriate, and because there is no danger of the Papillon being spirited out of this Court's jurisdiction there is no theoretical justification for arresting the yacht. The verified complaint and the authority cited do not support an order for the arrest of the Papillon. The plaintiff's motion for the issuance of a warrant for such arrest is, therefore, denied.

### I. The Documents

This case involves the charter ("Agreement # 1"), sale ("Agreement # 2"), and sub charter ("Agreement # 3") of the Papillon and the following entities:

The owner, Associated Marine Institutes, Inc. ("O"),

A charterer, the plaintiff ("C1"), and

A sub charterer, the defendants ("C2").

#### A. *Agreement # 1.*

O and C1 entered into a "Yacht Charter and Purchase Agreement." C1 borrowed money (the "note") and prepaid to O all of the charter fees.

This agreement includes an option to purchase the boat exercisable on January 20, 1988. This agreement contains a clause which says that if C1 defaults on the agreement O may repossess the boat without judicial process (this language creates a lien on the boat).

#### B. *Agreement # 2.*

C1 and C2 entered into a "Purchase Agreement" in which C2 agrees to purchase the boat from C1 and assume C1's charter with O. The agreement details: (1) how the boat is to be paid for and (2) that the boat will be delivered in good condition.

#### C. *Agreement # 3.*

C2, C1, and O executed a "Yacht Charter and Option to Purchase Agreement" (styled an assignment) whereby C2 assumes C1's charter (as agreed in Agreement # 2). Under this agreement if this agreement (Agreement # 3) or the original charter (Agreement # 1) is breached the assignment is null and void—that is, C1 steps back into the charterer's shoes.

### II. The Cause of Action

The purchase agreement between C1 and C2 provides that C2 would assume the obligation of the note as a significant part of the purchase price. Because C2 has stopped making payments on this note C1 seeks to arrest the vessel. C2 says he stopped making payments because the mortgagee will not cooperate with him and because the boat is in bad condition (a breach of the sales contract).

### III. Arrest of Vessel

C1 makes two arguments for the claim that it is entitled to arrest the vessel: (1) this is a *possessory action* entitling plaintiff to arrest the Papillon under Rule D and (2) the plaintiff has a *maritime lien* entitling it to arrest the Papillon under Rule C.

#### A. *Possessory Action Under Rule D.*

■ Rule D is to allow owners to repossess property from which they have been wrongfully dispossessed ("In all actions for possession ... the process shall be by a warrant for arrest." Fed.R.Civ.P. D).

C1's argument that it is entitled to possession is as follows:

(1) C2 defaulted on the purchase agreement (Agreement # 2) by not paying.

(2) This puts C2 in default of Agreement # 1's clause which requires the charterer to pay charter fees.

(3) When Agreement # 1 is breached the assignment (Agreement # 3) of the charter from C1 to C2 becomes null and void. (4) C1 then becomes the charterer again with all the charterer's rights including the right of *possession.*

The main problem with this argument is that a breach of the agreement for the boat's sale from C1 to C2 does not give rise to a breach of Agreement # 1 for failure to pay charter fees. All the fees under Agreement # 1 were prepaid by C1. Also, the right of possession C1 had as charterer under the charter (Agreement # 1) is between O and C1. C1 has voluntarily sold that right to C2. The breach of a sales contract does not give the seller the right to possession without more. Finally, a party seeking to arrest a vessel under Rule D must have *legal* title or a legal claim to possession. *Stathos v. The Maro,* 134 F.Supp. 330, 332 (E.D.Va.1955). C1 has an equitable claim. Therefore, plaintiff is not entitled to have the Papillon arrested under Rule D.

### B. *Breach of Charter Party and Maritime Lien Under Rule C.*

█ Rule C allows for the arrest of a vessel to enforce a maritime lien. Fed.R. Civ.P. C(1)(a).

Plaintiff argues that:
(1) it has a charter party with C2,
(2) which is a maritime contract, and
(3) the breach of a maritime contract gives rise to a maritime lien,
(4) which allows it to arrest the vessel.

Again, the main problem with this argument is that the first charter party between C1 and O has been fully paid. A fully paid contract can not be breached by not paying. It is the *second* agreement that has been breached. This is the sales contract between C1 and C2. The breach of a sales contract definitely does not give rise to a maritime lien. *S.C. Loveland, Inc. v. East West Towing, Inc.,* 608 F.2d 160, 164 (5th Cir.1979).

Plaintiff argues that the parties intended that C2 step into C1's shoes as a charterer and that, therefore, any breach C2 commits is a breach of the charter. However, this does not follow. If C2 stepped into C1's charterer's shoes it is with respect to O and the cause of action for the breach of charter would be O's. However, O has no cause of action here because the *charter* party has not been breached.

Because the breach complained of is that of a *sales* contract and not a charter party there was no breach of a maritime contract and, therefore, no maritime lien to enforce. Plaintiff is not entitled to arrest the vessel under Rule C.

### IV. The Arrest of the Papillon Is Unnecessary

█ The arrest of a vessel is available because of a boat's mobility. The purpose of the arrest is not to deliver the vessel to its owner but to make sure that a party's security does not sail away. An arrest is unnecessary if the vessel is not going anywhere. The defendant here, Mr. McCann, has represented to the Court that he will not spirit the boat away, sell it, or harm it in any way. He is an attorney and officer of this Court. His representation is sufficient. This is all that arresting the boat would accomplish for the plaintiff. There is no danger that the boat will be compromised. The arrest is unnecessary and is denied.

### V. Other Matters

On January 13, 1988 the plaintiff moved for summary judgment because of the defendants' alleged failure to respond to requests for admission on time. The claim is that because defendants' response was late all the matters are deemed admitted, there are no factual issues to be resolved, and plaintiff is entitled to summary judgment. Because the defendants responded to plaintiff's requests for discovery on January 13, 1988 and because there are issues still to be resolved the plaintiff's motion for summary judgment is denied.

The plaintiff's responses to discovery requests were unsigned. Therefore, on May 10, 1988 the defendants moved for an order compelling discovery and that matters subject to requests for admissions be deemed admitted. The motions are denied. How-

ever, plaintiff is ordered to submit signed copies within ten days of this order if it has not already done so and to properly sign all documents in the future.

### VI. Conclusions

Plaintiff's motion for summary judgment is denied. Defendants' motion to compel and that matters be deemed admitted is denied. Because this is a contract cause of action for the sale of a vessel and not a maritime contract case the motion for an order to arrest the Papillon is denied. This case will continue as a diversity action for the breach of a contract for the sale of a vessel.

IT IS SO ORDERED.